BRYANT & LOCKETT *vs.* THE SOUTHWESTERN RAILROAD COMPANY.

1. The charge of the court should be applicable to the facts developed by the testimony.
2. Though a shipper of live-stock contracted with the transporting railroad that it was not to be responsible for attention, feeding or watering of the stock, but that it should afford the shipper reasonable facilities for those purposes, yet if the railroad carried the stock beyond the destination fixed by the bill of lading, and there detained them for several days before their return, it would not be relieved from liability for failure to care for the stock after passing the proper destination.

3. When the Central Railroad received live stock at Atlanta to be transported to Americus over its road and that of the Southwestern Railroad, and by a mistake on the part of the first road, they were consigned to a point beyond Americus, and were so received and carried by the connecting road, such facts would not relieve the latter from damages occurring by reason of inattention to the stock at the place to which they were actually carried.

4. Though under the contract of shipment a railroad may have been liable only for damages arising from gross negligence in not attending to live stock, yet where it carried the stock beyond the agreed destination, and there kept them for a time, its liability as to such time was not limited to the results of gross negligence.

Railroads. Damages. Negligence. Contracts. Charge of Court. Before Judge Crisp. Sumter Superior Court. October Adjourned Term, 1881.

Reported in the decision.

HAWKINS & HAWKINS; B. P. HOLLIS, for plaintiffs in error.

S. C. ELAM, for defendant.

CRAWFORD, Justice.

Bryant & Lockett sued the Southwestern Railroad Company to recover damages for losses sustained upon a car-load of mules shipped from Atlanta to them at Americus. The allegations upon which they relied for recovery were: That the mules were delivered and received in good order by said railroad company at Macon, to be delivered in like good order to Lockett at Americus, on the 22d day of January, 1881. But, by the careless and negligent conduct of its agents and employés, said car-load of mules was sent to Dawson, forty miles beyond Americus, and kept there for three or four days without attention, watering or feeding, to their injury $500.00. Other allegations of losses, arising from said negligence, were set forth and relied upon.

The jury, under the evidence and charge of the court, returned a verdict for the defendant, which plaintiffs moved to set aside, but said motion was overruled, and they excepted.

The evidence material to a decision of the questions made by this bill of exceptions is, that the mules belonging to the plaintiffs were shipped in a car " billed " to Dawson, and consigned to one Thornton, whilst Thornton's, another lot shipped, were consigned to the plaintiffs at Americus.   Thus, the mules belonging to the plaintiffs were carried beyond their destination, which they passed on Sunday, and where they should have been delivered, but being shipped to Dawson, were so forwarded, and remained in the car from the time on Sunday when they should have been unloaded, until Tuesday at 12 o'clock, without attention, water or food.   They were so damaged by standing up on the cars so long, without being fed or watered, and became so stiff that some of them were almost wholly lost, and the rest were injured $20.00 a head.   Other proof of losses was also introduced.

The defendant introduced in evidence a " live-stock contract," by which it was agreed that the shipper should release the railroad company from liability for all injury, loss or damage arising from the character of the freight, and from all other damages which shall not have been caused by the fraud or gross negligence of the company. Other stipulations were also incorporated in this contract, but nothing material to be added, which affects the rights of the parties after the mules were carried beyond the place of delivery.

It further appears that the mules were taken out of the cars at Macon *en route*, watered and fed, and then reloaded and received by the Southwestern Railroad Company.

No evidence was submitted controverting the facts that they were carried to Dawson; that they were without water, food or change, from the time they were received on Sunday at Macon until delivered at Americus, Tues-

day at 12 o'clock, or that the losses set up were not true.

The judge charged the jury among other things, as follows : "In the contract between Bryant & Lockett and the Central Railroad Company, it is especially stipulated that they, nor the road receiving that property from them, shall not be liable for any attention, feeding or watering the stock, but that they should offer reasonable facilities to the shipper or person in charge of the stock   The railroad company merely undertook to offer or afford them facilities for feeding and watering the stock, not to feed and water them itself.   They expressly stipulated that the shipper shall not hold them responsible for any delay occurring in the delivery of the property, but that the shipper shall attend to the stock and feed and water them. Therefore the Southwestern Railroad Company is not liable for any injury that occurred to those mules for want of being fed and watered, for people are bound by their contracts, by the contracts which they may make.   They can make any contract that they choose, but after it is made they are bound by it."

"If you should believe from the evidence that the car load of mules, Mr. Lockett's car load, was, by mistake of a person in Atlanta, connected with the Central Railroad Company, shipped to a party in Dawson and not to Lockett in Americus, and the Southwestern Railroad received these mules in Macon so consigned to a person in Dawson, and not to Lockett in Americus, and carried them down to Dawson, to the place where they were consigned by the way-bill, and that whatever damage or injury they sustained, occurred at that point by reason of their being shipped to that point, and not being fed and watered there, why then, in my judgment, the Southwestern Railroad Company is not liable for such damages."

1, 2. The first paragraph of the foregoing charge would be correct if the railroad company had carried out its contract by a delivery of the mules at Americus as it agreed,

to do, and had not shipped them beyond. The plaintiff's contract extended to the taking care, feeding and watering the mules only to the place of their destination; and had the delay occurred, and the damage been sustained before reaching it, just as it did afterwards, then the plaintiff could not have complained.

He had the right to expect according to his contract that his mules would be stopped and delivered at the place of their consignment, and therefore was not bound to follow them to Dawson and feed and water, and care for them there.

The judge truly stated the law in instructing the jury that people were bound by their contracts, and our construction of this contract is that the Central Railroad and its connecting lines were to transport this live stock to Americus and no further; if they did, and damage accrued to the owners thereby, they were liable to respond.

3. The objection to the second paragraph of the foregoing charge is, that it relieved and discharged the Southwestern Railroad Company from liability on the contract agreed upon by the Central Railroad for itself and the Southwestern, to transport and deliver to the owners at Americus this car load of mules, and which it undertook to execute but failed to perform. And although a mistake at Atlanta may have been made by an agent of the Central Railroad in shipping these mules improperly, yet such mistake would not relieve the Southwestern Railroad Company from liability, under the facts as shown by the record in this case. It was a party to the contract. When therefore, it broke its contract by passing Americus and carrying to Dawson the plaintiffs' mules, they were entitled to recover for such breach of the contract, and for all damages consequent thereon, whether the same resulted from the failure to feed or water the mules, or to make sale of them, or any other cause flowing directly therefrom.

4. Another assignment of error arises on the failure of

the judge to charge that if the defendant had the mules in its possession, and while in its possession they were injured by the gross negligence of the agents and employés of said company in not feeding and watering them, then the defendant would be liable to the owners for such damage.

The plaintiffs were not entitled to this charge, as the gross negligence was confined to the watering and feeding generally, and not to the time whilst they were beyond Americus. Plaintiffs themselves were required to give this attention to Americus, but when the mules were shipped beyond that point they had not undertaken to follow them wheresoever the company might carry them and continue such attention. If then, after thus breaking the contract, they were damaged by such neglect, the defendant would be liable and the plaintiffs were entitled to such charge so limited, but not so general as claimed.

· Judgment reversed.